(No. 3045— )

DENNIS BROTHERS CO., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks a refund for a truck license paid December 6, 1935 for Twenty-four ($24.00) Dollars; their contention being that the law under which such license fee

was collected ''was not enforced and that therefore they are entitled to a refund for the amount paid.'' The claim is not sworn to as required by Rule 2 (a); it fails to comply with Rule 5 (a) and Rule 5 (b), and contains no bill of particulars as provided by Rule 6 (a), of the Court of Claims.

Neither does it inform the court as to any particulars in regard to the law under which the refund is sought to be obtained.

It appears however, from the statement of the Attorney General, filed in support of the latter's motion to dismiss the complaint, that the Motor Vehicle Act of July 9, 1935 which was in force at the time claimant applied for a license, provided as part of Paragraph 21, Section 20, Chapter 95 (a), Motor Vehicle Law, Ill. State Bar Statutes, 1935 as follows:

"If, under the laws of such city, state, foreign country or province, territory or Federal district, motor vehicles or motor bicycles owned by residents of this State, operating upon the highways of such city, state, foreign country or province, territory or Federal district, are required to pay the registration fee and carry the license plates or pay any other fee or tax to such city, state, foreign country or province, territory or Federal district, the motor vehicles or motor bicycles owned by residents of such city, state, foreign country or province, territory or Federal district, and operating upon the highways of this State shall comply with the provisions of sections 8, 9, 9b, 9c, 9d, 9e, 9f, 9g, 9h, 9i, 9j, 9k, 10, 14, 17 and 27 of this Act."

Paragraph 9 of the Act provided in part that the applicant ''shall pay to the Secretary of State for each calendar year from and after January 1, 1936 for the use of the public highways of this State, a license fee of Five ($5.00) Dollars for each such vehicle,'' and such section also contained the following, ''Vehicles having a gross weight of more than eight thousand (8,000) pounds and not more than ten thousand (10,000) pounds, including the weight of the vehicle and maximum load—$19.00.''

Claimant's truck, as shown by the license No. C-623, was licensed under these provisions.

Prior to March 30, 1936 no reciprocal agreement had been entered into between the State of Illinois and the State of Iowa, and no such agreement being in effect, the license fee in question was due and payable, and was in fact paid by him voluntarily and without protest. The fact that after March 30, 1936 a reciprocal agreement was entered into and that Illinois fees were not thereafter required, could not entitle claimant to a refund.

Not only, therefore, because of the fact that the claim is not presented in proper form but because under all the facts apparent, no refund would be allowed. The motion of respondent to dismiss the claim is granted and the claim is hereby dismissed.